**ANDY MIRI, SBN 234328**
**LAW OFFICES OF ANDY MIRI**
2973 Harbor Blvd., #162, Costa Mesa, CA 92626
Telephone: (949) 702-4005
Email: ANDYMIRIESQ@GMAIL.COM
Attorney for Petitioner BALDEMAR PEREZ

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BALDEMAR PEREZ,<br>A# 073-910-985,<br><br>Petitioner,<br><br>v.<br><br>DAVID VENTURELLA, Acting Director of U.S. Customs and Border Protection; ERIC PINHERO, Warden of Adelanto ICE Processing Center; MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Attorney General of the United States,<br><br>Respondents. | Case No. ___________________<br><br>PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241;<br><br>FIFTH AMENDMENT DUE PROCESS AND ACCESS-TO-COUNSEL CLAIMS;<br><br>REQUEST FOR EXPEDITED RELIEF |

# PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION

1. Petitioner Baldemar Perez (A# 073-910-985) is presently detained at the Adelanto ICE Processing Center. He seeks habeas relief from custodial restraints that have materially impaired his ability to communicate with counsel, obtain evidence, and prepare his defenses to removal.

2. Petitioner entered the United States on or about 1993 with his mother when he was approximately four years old. Material events supporting his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) occurred to him and mainly to his family and mother during his early childhood in Guatemala.

3. Because Petitioner was approximately four years old, he does not independently remember every event involving the severe abuse and torture inflicted upon him and his mother. Evidence from his mother, relatives, witnesses, records, and other sources in Guatemala is therefore potentially critical.

4. Petitioner repeatedly requested additional preparation time to locate and obtain this evidence. Those requests were made because he needed time to reconstruct childhood events and obtain corroborating evidence from Guatemala.

5. Detention conditions materially obstructed that effort. Petitioner's cellular telephone and paperwork were taken; he did not remember the telephone numbers stored in the device; and approximately seventy-five detainees in his dormitory share approximately one telephone, severely limiting communications during ordinary business hours.

6. Petitioner alleges that he nevertheless has been forced to proceed toward or through a merits hearing without a meaningful opportunity to overcome those government-created barriers.

7. This Petition does not ask this Court to adjudicate Petitioner's entitlement to asylum, withholding of removal, CAT protection, or the merits of any removal order. It challenges present restraints associated with federal custody and seeks relief directed to meaningful access to counsel, evidence, and case preparation.

## II. JURISDICTION AND SCOPE OF REVIEW

8. This Court has habeas jurisdiction under 28 U.S.C. § 2241(c)(3) over a person in federal custody who contends that custody violates the Constitution or laws of the United States. INS v. St. Cyr, 533 U.S. 289, 298-314 (2001).

9. The Supreme Court has recognized habeas review of constitutional challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001); Demore v. Kim, 538 U.S. 510, 516-17 (2003); Jennings v. Rodriguez, 583 U.S. 281, 293-95 (2018).

10. Petitioner recognizes the jurisdictional limitations in 8 U.S.C. § 1252. He does not seek district-court review of a final removal order, an asylum determination, a CAT determination, or the Immigration Judge's discretionary calendar management as such.

11. Instead, Petitioner challenges conditions and restraints incident to his present physical custody that allegedly prevent meaningful attorney communication and materially obstruct acquisition and presentation of evidence.

12. The relief requested is directed to Respondents' administration of Petitioner's custody and their interference with his ability to prepare his case.

13. To the extent applicable and not displaced by the immigration jurisdictional statutes, this Court also has federal-question jurisdiction under 28 U.S.C. § 1331.

## III. VENUE

14. Venue is proper in this District because Petitioner is confined at the Adelanto ICE Processing Center, within the Central District of California, and his immediate custodian is located here. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 442-43 (2004).

## IV. PARTIES

15. Petitioner BALDEMAR PEREZ, A# 073-910-985, is presently detained at the Adelanto ICE Processing Center and is defending removal proceedings in which he seeks asylum, withholding of removal, and CAT protection.

16. Respondent ERIC PINHERO is identified as Warden of the Adelanto ICE Processing Center and Petitioner's immediate physical custodian. He is sued in his official capacity.

17. Respondent DAVID VENTURELLA is identified by Petitioner as Acting Director of U.S. Customs and Border Protection and is sued in his official capacity.

18. Respondent MARKWAYNE MULLIN is identified by Petitioner as Secretary of Homeland Security and is sued in his official capacity.

19. Respondent TODD BLANCHE is identified by Petitioner as Attorney General of the United States and is sued in his official capacity.

20. Petitioner reserves the right to correct official titles or substitute the proper official if Respondents identify a different current custodian or responsible officer.

## V. FACTUAL ALLEGATIONS

21. Petitioner entered the United States with his mother at approximately four years of age.

22. Significant events relevant to his protection claims occurred in Guatemala during his early childhood. Petitioner alleges that he and his mother were subjected to severe abuse and torture.

23. Because of his age at the time, Petitioner does not possess an adult's independent recollection of all relevant events. Corroboration from persons with first-hand knowledge and records from Guatemala is therefore especially important.

24. Petitioner needs a reasonable opportunity to identify and contact persons in Guatemala and elsewhere, obtain declarations and records, and transmit those materials to counsel.

25. When Petitioner was taken into immigration custody, his cellular telephone and paperwork were taken from him.

26. Petitioner's telephone contained contact information for persons potentially necessary to assist him, and he did not have all of those numbers memorized.

27. Petitioner further alleges that approximately seventy-five detainees in his dormitory share approximately one telephone.

28. Competition for that telephone substantially limits Petitioner's ability to communicate during ordinary business hours with attorneys, witnesses, family members, agencies, and persons assisting in obtaining evidence.

29. These restrictions have delayed Petitioner's ability to reconstruct his contacts, obtain evidence from Guatemala, communicate with counsel, and prepare his case.

30. Petitioner repeatedly requested additional time for those purposes. His requests were based on concrete evidentiary and communication barriers, not a desire to delay the proceedings.

31. Nevertheless, Petitioner alleges that he has been required to proceed toward or through a merits hearing without sufficient opportunity to obtain the evidence necessary to present his protection claims.

## VI. GOVERNING LAW

32. The Fifth Amendment protects persons in the United States from deprivation of liberty without due process. Mathews v. Diaz, 426 U.S. 67, 77 (1976). Removal proceedings must satisfy due process. Landon v. Plasencia, 459 U.S. 21, 32-34 (1982).

33. The fundamental requirement of due process is an opportunity to be heard at a meaningful time and in a meaningful manner. Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

34. Mathews directs courts to consider the private interest affected, the risk of erroneous deprivation and probable value of additional safeguards, and the Government's interests. Id. at 335.

35. Deportation carries severe consequences and requires adherence to procedural safeguards. Bridges v. Wixon, 326 U.S. 135, 154 (1945).

36. Congress expressly provides that a person in removal proceedings has the privilege of representation by counsel at no expense to the Government. 8 U.S.C. §§ 1229a(b)(4)(A), 1362.

37. The Ninth Circuit has repeatedly recognized the importance of a meaningful opportunity to obtain and consult counsel in removal proceedings. See Biwot v. Gonzales, 403 F.3d 1094, 1098-1100 (9th Cir. 2005); Rios-Berrios v. INS, 776 F.2d 859, 862-63 (9th Cir. 1985); Colindres-Aguilar v. INS, 819 F.2d 259, 261-62 (9th Cir. 1987).

38. Where the statutory right to counsel is denied in removal proceedings, the Ninth Circuit has held that prejudice need not be separately shown. Montes-Lopez v. Holder, 694 F.3d 1085, 1090-94 (9th Cir. 2012).

39. Petitioner cites Montes-Lopez to demonstrate the central importance of meaningful counsel access while recognizing that this habeas action challenges custodial interference rather than seeking direct review of an immigration order.

## VII. CLAIM ONE - FIFTH AMENDMENT DUE PROCESS

40. Petitioner incorporates paragraphs 1 through 39.

41. Petitioner's liberty interests are substantial because the proceeding may determine whether he is removed to a country where he alleges persecution and torture.

42. The risk of erroneous deprivation is materially increased when detention conditions prevent a respondent from retrieving contact information, contacting witnesses, obtaining foreign evidence, and communicating adequately with counsel.

43. The safeguards requested here - meaningful confidential attorney communication, reasonable telephone access, access to legal papers, and a practical means to retrieve necessary contact information - are modest compared with the consequences of adjudicating protection claims on an artificially incomplete record.

44. Under Mathews, requiring Petitioner to defend against removal while government-imposed custodial restraints materially prevent him from preparing his defense violates due process.

## VIII. CLAIM TWO - GOVERNMENT INTERFERENCE WITH ACCESS TO COUNSEL

45. Petitioner incorporates paragraphs 1 through 44.

46. Petitioner's statutory privilege of counsel cannot be meaningful if his federal custodian imposes conditions that make timely and confidential communication practically unavailable.

47. Petitioner alleges that approximately seventy-five detainees share approximately one telephone, his personal telephone containing necessary contact information was taken, and his access during ordinary business hours is severely constrained.

48. The Ninth Circuit's published decisions recognize that the opportunity to obtain and consult counsel must be meaningful rather than merely theoretical. Biwot, 403 F.3d at 1098-1100; Rios-Berrios, 776 F.2d at 862-63.

49. Respondents' continued administration of custody in a manner that materially obstructs Petitioner's ability to communicate with counsel and prepare his case violates the Fifth Amendment and the statutory protections reflected in 8 U.S.C. §§ 1229a(b)(4)(A) and 1362.

## IX. CLAIM THREE - UNCONSTITUTIONAL CUSTODIAL RESTRAINTS UNDER § 2241

50. Petitioner incorporates paragraphs 1 through 49.

51. Petitioner's claim concerns present restraints incident to physical federal custody: inadequate access to attorney communications, inability to retrieve necessary contacts, restricted access to papers, and inadequate means to communicate with witnesses and persons assisting with evidence.

52. Those restraints allegedly operate together to prevent Petitioner from developing evidence concerning events that occurred when he was approximately four years old.

53. Section 2241 authorizes relief from federal custody maintained in violation of the Constitution or laws of the United States.

54. Petitioner therefore requests relief directed to curing unconstitutional custodial restraints without asking this Court to decide the merits of his removal defenses.

## X. IRREPARABLE HARM AND NEED FOR EXPEDITED RELIEF

55. Petitioner faces irreparable harm because his merits case may be adjudicated before he can obtain material evidence or meaningfully consult counsel.

56. The inability to present material evidence concerning childhood abuse and alleged torture cannot necessarily be cured after the fact.

57. The risk is particularly grave where Petitioner's CAT claim concerns protection from return to alleged torture.

58. Petitioner therefore requests expedited consideration and reserves the right to seek a temporary restraining order or preliminary injunction supported by declarations and exhibits if necessary to preserve the Court's ability to grant effective relief.

## XI. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

A. Issue an Order to Show Cause requiring Respondents to answer this Petition on an expedited basis;

B. Declare that Petitioner's custody may not be administered in a manner that deprives him of meaningful access to counsel and a meaningful opportunity to prepare his immigration defense;

C. Order Respondents to provide reasonable, confidential, and timely access to counsel, including meaningful access during ordinary business hours;

D. Order Respondents to provide reasonable telephone access necessary to communicate with counsel, family, witnesses, and persons assisting in obtaining evidence;

E. Order Respondents to provide reasonable access to Petitioner's legal papers and a reasonable means, consistent with legitimate security requirements, to retrieve necessary contact information associated with his confiscated cellular telephone;

F. Order Respondents to cease custodial practices that materially prevent Petitioner from obtaining and transmitting evidence relevant to his immigration proceeding;

G. To the extent within this Court's jurisdiction, preserve the status quo for a reasonable period sufficient to remedy the unconstitutional custodial barriers and permit meaningful preparation, without directing the Immigration Judge's discretionary decision-making or adjudicating the merits of removal;

H. Grant such habeas, declaratory, injunctive, or other relief within the Court's jurisdiction as is necessary to remedy unconstitutional restraints on Petitioner's custody; and grant such other and further relief as the Court deems just and proper.

DATED: September _9__, 2026

**LAW OFFICES OF ANDY MIRI**
By: ______andy miri______
ANDY MIRI, SBN 234328
Attorney for Petitioner BALDEMAR PEREZ

VERIFICATION

I, BALDEMAR PEREZ, declare under penalty of perjury under the laws of the United States that I am the Petitioner in this action; I have read the foregoing Petition; and the factual allegations concerning my personal circumstances are true and correct to the best of my knowledge.

Executed on _September 9, 2026, at Adelanto, California.

B. PEREZ
_______________________________
BALDEMAR PEREZ, A# 073-910-985