UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BALDEMAR PEREZ,<br>Petitioner,<br>v.<br>DAVID VENTURELLA, Acting Director of U.S. Customs and Border Protection, et al.,<br>Respondents. | Case No. 5:26-cv-05323-ACCV<br>**ORDER DENYING PETITION FOR HABEAS CORPUS** |

## I. RULING

On September 14, 2026, Baldemar Perez ("Petitioner") filed Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Dkt. 1 at 5-7.) For the reasons stated below, the Court denies the Petition.

## II. FACTUAL AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala. (Dkt. 1 at 1.) Petitioner contends he entered the United States on or about 1993 with his mother when he was four years old. (*Id.*) According to the Department of Homeland Security ("DHS"), Petitioner entered the United States at an unknown place and time without inspection. (Dkt. 14-1 at 4.)

DHS records indicate that on September 26, 1991, Petitioner filed an application

for asylum that he withdrew on November 15, 2007. (Dkt. 14-1 at 4.) It appears between 1995 and 2007, Petitioner applied for and received work authorization seven times. (*Id.*)

In September 2014, Petitioner was convicted of a DUI and sentenced to 13 days in custody. (Dkt. 14-1 at 4.) In November 2024, Petitioner was convicted of a DUI causing bodily injury and hit and run resulting in injury. (*Id.*) He was sentenced to 16 and eight months respectively. (*Id.*) On January 26, 2026, the California Department of Corrections and Rehabilitation notified DHS that Petitioner was being released from custody. (*Id.*) DHS took Petitioner into custody at that time. (*Id.*)

On September 14, 2026, Petitioner the Petition. (Dkt. 1.) Petitioner brings three claims for relief. (*Id.* at 5-7.) Count One is Fifth Amendment Due Process. (*Id.* at 5-6.) Count Two is Government Interference with Access to Counsel. (*Id.* at 6.) Count Three is Unconstitutional Custodial Restraints Under §2241. (*Id.* at 7.) For relief, among other things, Petitioner requests the Court order Respondents to provide reasonable access to legal counsel, telephone, and legal documents. (*Id.* at 8.)

On September 18, 2026, Respondents filed Federal Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer"). (Dkt. 10.) Respondents argue Petitioner is not entitled to habeas relief because his allegations are related to civil issues of conditions of confinement. (*Id.* at 2.)

On September 18. 2026, Petitioner filed Petitioner's Traverse and Response to Federal Respondents' Answer; Request to Disregard Material Mischaracterization of Petition; Request for Supplemental Answer; and Request for Expedited Relief ("Reply"). (Dkt. 11.) In the Reply, Petitioner largely reiterates Petitioner's claims in the Petition.

## III. ANALYSIS

### A. Habeas Jurisdiction

A writ of habeas corpus may be granted to any petitioner who demonstrates "he is in custody in violation of the Constitution or laws or treaties of the United States[.]"

28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). A petitioner bears the burden of proving by the preponderance of the evidence that he is entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

**B. Petitioner's Due Process Claim (Count One)**

Petitioner argues "[u]nder *Mathews*, requiring Petitioner to defend against removal while government-imposed custodial restraints materially prevent him from preparing his defense violates due process." (Dkt. 1 at 6.) Petitioner, who is represented by counsel and bears the burden of proving by the preponderance of evidence that he is entitled to habeas relief, cites no cases in support of this argument. (*See id.*) Respondents argue that challenges to a detainee's conditions of confinement, which this appears to be, must be brought through a civil rights action, rather than through a petition for a writ of habeas corpus and cite *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (the Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus"); *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (an "inmate's challenge to the circumstances of his confinement" may be brought through a civil rights action). (Dkt. 10 at 2.) Accordingly, Petitioner has not met his burden of proving by the preponderance of the evidence that he is entitled to habeas relief on this claim. *See Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

**C. Government Interference with Access to Counsel (Claim Two)**

Petitioner argues, "continued administration of custody in a manner that materially obstructs Petitioner's ability to communicate with counsel and prepare his

case violates the Fifth Amendment and the statutory protections reflected in 8 U.S.C. §§ 1229a(b)(4)(A) and 1362." (Dkt. 1 at 6.) Petitioner, who is represented by counsel and bears the burden of proving by the preponderance of evidence that he is entitled to habeas relief, cites no cases on point in support of this argument. (*See id.*) Neither case Petitioner cites is a habeas matter. (*Id.*) Respondents argue that challenges to a detainee's conditions of confinement, which this appears to be, must be brought through a civil rights action, rather than through a petition for a writ of habeas corpus and cite *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (the Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus"); *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (an "inmate's challenge to the circumstances of his confinement" may be brought through a civil rights action). (Dkt. 10 at 2.) Accordingly, Petitioner has not met his burden of proving by the preponderance of the evidence that he is entitled to habeas relief on this claim. *See Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

**D. Unconstitutional Custodial Restraints under § 2241 (Claim Three)**

Petitioner's claim for Unconstitutional Custodial Restraints under § 2241 "concerns present restraints incident to physical federal custody: inadequate access to attorney communications, inability to retrieve necessary contacts, restricted access to papers, and inadequate means to communicate with witnesses and persons assisting with evidence." (Dkt. 1 at 7.) Petitioner, who is represented by counsel and bears the burden of proving by the preponderance of evidence that he is entitled to habeas relief, cites no cases in support of this argument. (*See id.*) Respondents argue that challenges to a detainee's conditions of confinement, which this appears to be, must be brought through a civil rights action, rather than through a petition for a writ of habeas corpus and cite *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *Nettles v. Grounds*, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (the Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus"); *Hill v. McDonough*,

547 U.S. 573, 579 (2006) (an "inmate's challenge to the circumstances of his confinement" may be brought through a civil rights action). (Dkt. 10 at 2.) Accordingly, Petitioner has not met his burden of proving by the preponderance of the evidence that he is entitled to habeas relief on this claim. *See Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

**IV. CONCLUSION**

For the reasons stated, the Court denies the Petition.

DATED: October 13, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge